Dear Ms. Durr:
This office is in receipt of your recent opinion request in which you present questions regarding the applicability of the statutes governing membership and transfer from the Municipal Employee's Retirement System into the Municipal Police Employee's Retirement System. More specifically, you ask:
 1. Who was responsible for notifying secretaries to chiefs of police that the promulgation of LSA-R.S. 11:1752 made said secretaries ineligible to remain in the Municipal Employee's Retirement System (MERS), thus forcing the secretaries to transfer into the Municipal Police Employee's Retirement System (MPERS)?
 2. For those secretaries to chiefs of police who did not make a timely transfer and continued contributing to the inappropriate system, are there any means available to circumvent the actuarial fees and/or loss of contributed service associated with transferring accumulated time and money left in the Municipal Employee's Retirement System?
Secretaries to chiefs of police are eligible to become members of the Municipal Police Employee's Retirement System. Act No. 605, § 3 of the 1986 Regular Legislative Session redefined "employee" to include, "a secretary to an appointed or elected chief of police" making secretaries eligible to join the MPERS.
Because these secretaries became eligible for membership in another retirement system, they are ineligible to remain in the MERS by virtue of the provisions governing the Municipal Employee's Retirement System. To remain a member of MERS, the secretary must file notice in writing with the MERS within ninety days as to his or her intention to remain in MERS. The applicable provisions of LSA-R.S. 11:1752 state:
 A. Persons who are members of any fund or who are eligible for membership in any fund financed wholly or partly by public funds for the retirement of employees by the State of Louisiana or by city, parish, village or other political subdivision in the State of Louisiana, shall not be entitled to membership in this system.
 B. Notwithstanding the provisions of Subsection A, above, any member who becomes eligible for membership in any other retirement system covering the same employment may elect to remain a member of this system in lieu of membership in the other system, by filing a notice in writing with the board within ninety days of becoming eligible. Such election shall be irrevocable.
Addressing your first question regarding the party responsible to inform your group's members of changes in the law which may effect them, note that every citizen is charged with the responsibility of knowing the law. Article 5 of the Louisiana Civil Code states, "No one may avail himself of ignorance of the law," and the pertinent part of Comment (a) to Article 5 reads, "Ignorance is inexcusable for laws that are in force."
As to your second question, there is little that can be done to receive a full transfer of accumulated time and money from one system to the other without paying actuarial fees. The only possible remedies include pro-rating the credited time of service upon transfer into the MPERS or implementing the reciprocal recognition technique in which the member contributes to and draws benefits from both retirement funds. LSA-R.S. 11:143
governs the procedure of transfer between retirement systems, and the pertinent provisions provide the following:
 C. The system, fund, or plan which the person transfers such credit shall transfer to the receiving system, fund, or plan an amount which is the lesser of the following:
 (1) The greater of, the actuarial cost to the receiving system for the service transferred, or all employee contributions from the transferring system.
 (2) All employee contributions, all employer contributions, provided that in any system, fund, or plan, where the employer contribution is not a fixed percentage of the employee's earnings, an employer contribution which is equal to the employee contribution, in addition to a sum, representing interest, equal to the board-approved actuarial valuation rate of the transferring system, fund, or plan compounded annually, of all contributions per annum for each year of contribution to the date of transfer.
LSA-R.S. 11:141 and 11:142 are also pertinent in this matter and provide, respectively:
§ 141. Retention of credits
 Any person who is a member of any actuarially funded system paid for in whole or part from public funds, other than the State Employees Retirement System of Louisiana, and the Teachers' Retirement System of Louisiana, and who transfers to other public employment where he is no longer eligible for membership in the original retirement system but becomes a member of another actuarially funded system paid for in whole or part from public funds and who has creditable service in the first system for at least ten years, shall have the right to retain membership in the first system, and in the event he becomes eligible for retirement under this second system he shall be entitled to receive a pro rata benefit from each system, each such benefit to be calculated on the years of creditable service and the formula in use in the system from which the benefit is paid.
* * * * *
 § 142. Reciprocal recognition of credited service in state, parochial, and municipal systems
 A. A member of any state, municipal, or parochial retirement system who has membership service credit in any other state, municipal, or parochial retirement system shall have the option of combining all service for which he has credit in every such retirement system in order that eligibility for regular retirement, disability retirement, and survivor's benefits may be acquired, subject to the limitations of this Section; however, such other credited service shall not be recognized until and unless the member has earned at least six months service credit in the member's current system.
In response to your concerns, we suggest that legislative amendment may be the only recourse available to you. Otherwise, the foregoing explanation is our interpretation of current law as applicable in this matter.
Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams